**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 19-cv-1158-WJM-STV

RUSSELL M. BOLES,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CHARLENE CROCKET,
KRISTY HOLJENIN,
MAJOR ZWIRN,
RABBI YISROEL ROSSKAMM,
CAPTAIN KENNETH PHIPPS,
CAPTAIN CYRUS CLARKSON,
LT. IAN BARNS,
LT. TAYLOR,
LT. MATTHEW POWELL,
LT. DERRICK ROBERTS,
DOCTOR BRYAN REICHERT,
GARY WARD,
REIDER MAY,
NICOLE WILSON,
DOC ACCOUNTING PERSONNEL,
GTL,
CAPTAIN J. DORCEY,
LT. CUSTER,
MS. FULLER, AND
LIEUTENANT SHAWN NYGAARD,

     Defendants.

---

## ORDER DENYING PRELIMINARY INJUNCTION

---

In this action, Plaintiff Russell Boles sues the Colorado Department of

Corrections ("CDOC"), certain employees and contractors (together with CDOC, "CDOC

Defendants"), and Dr. Bryan Reichert (collectively, "Defendants"), alleging failure to

provide adequately nutritious food consistent with medical and religious requirements in violation of the Eighth Amendment; inadequate medical care and deliberate indifference to medical needs in violation of the Eighth Amendment; violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 *et seq.*; failure to provide a kosher diet in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*; and unlawful withdrawals from his inmate banking account in violation of the Takings Clause.  (ECF No. 9.)[1]  Now before the Court is Plaintiff's "Notice and Motion to Set for Preliminary Injunction Hearing" (the "Motion").  Both the CDOC Defendants and Dr. Reichert filed responses to the Motion.  (ECF Nos. 98 & 100.)  For the reasons set forth below, the Court denies the Motion.  Because Plaintiff's Motion fails on its face to satisfy the elements of a preliminary injunction, no evidentiary hearing on the Motion is required.

## I. BACKGROUND

Plaintiff is an inmate at Sterling Correctional Facility ("SCF").  On July 12, 2019, he filed the currently operative complaint, asserting, among other things, a claim for deliberate indifference to serious medical needs.  (ECF No. 9 at 14–18.)  In support, he alleges that his "condition" (it is unclear exactly which condition he refers to) is "beyond the scope of [Defendants'] skill, knowledge, and expertise," and that Defendants refuse to refer him to necessary specialists.  (*Id.* at 15.)  Plaintiff also alleges that the medical providers refuse to listen to him, and have given him tests with "no medical relevance, in [an] attempt to excuse denial of necessary care and treatment."  (*Id.*)  Plaintiff also

---

[1] On April 29, 2020, U.S. Magistrate Judge Scott T. Varholak granted Plaintiff's motion to amend, and ordered the Plaintiff file his amended complaint on or before May 29, 2020.  (ECF No. 112.)

alleges that when he entered SCF from a county jail, Defendants "took away his long established central sleep apnea care and treatment." (*Id.*)  However, it appears from the instant motion that Plaintiff is currently in possession of his sleep apnea machine (presumably meaning a CPAP device), because he seeks a replacement face mask and distilled water for its use.  (ECF No. 89.)  Plaintiff also claims, among other things, that CDOC has poor medical staffing and that Defendants keep inadequate medical records. (ECF No. 9 at 16–17.)  He explains that "systemic deficiencies" result in long lines to access medication.  (*Id.* at 17.)  Plaintiff also alleges that inadequately nutritious meals have exacerbated his irritable bowel syndrome.  (*Id.* at 11.)

On March 26, 2020, Plaintiff filed the instant Motion, alleging that his "essential medication that controls brain inflammation"—a condition from which Plaintiff suffers— "prematurely expired . . . even after 8 renewal requests over 10 days." (ECF No. 89 at 2.)  He further claims that "It was not until a nurse doing a routine inspection found me in desperate physical condition and not fully in my right mind that the medication was finally renewed." (*Id.*)  Plaintiff also claims that CDOC is "deliberately interfering with litigation by extreme restrictions (2 and ½ hours per week) in access to law library resources," including Plaintiff's "own work product which . . . must remain locked up in the law library computer until it is ready to print and be sent out." (*Id.*)  He adds that "[w]ith the pandemic as an excuse, access will be almost non-existent from now on." (*Id.*)  Accordingly, he requests a preliminary injunction which orders Defendants to:

- Continue "all previously prescribed long term care and treatment from providers during the previous sentence as modified by private providers . . . between sentences";

- Provide all medications, equipment, a replacement for a worn out face mask, and distilled water for Plaintiff's sleep apnea machine;

- Allow Plaintiff "immediate access" to a gastroenterologist or clinical nutritionist concerning his intestinal disorder; and

- Permit Plaintiff to have a laptop or other electronic device "loaded with a word processing program suitable for legal documents along with reference material, and [his] work product, and printing accommodations as needed.

(*Id.* at 3.)

## II. LEGAL STANDARD

To prevail on a motion for preliminary injunctive relief, Plaintiff has the burden of establishing that four equitable factors weigh in his favor: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing parties will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.  *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009); *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).  In addition, Plaintiff must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] preliminary injunction is an extraordinary remedy," and therefore "the right to relief must be clear and unequivocal."  *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

## III. ANALYSIS

### A.      Relationship Between Injury and Conduct in Complaint

Plaintiff fails to establish a connection between the injuries alleged in the Motion

and the conduct alleged in the complaint.  *See Little*, 607 F.3d at 1251; *Devose v.*

*Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  As the Eighth Circuit explained in *Devose*,

when there is no connection between the injury claimed in a motion for a preliminary

injunction and the underlying lawsuit, the "motion for temporary relief has nothing to do

with preserving the district court's decision-making power over the merits" of the action,

and is thus properly denied.  42 F.3d at 471.

Plaintiff's Motion suggests that he has been injured because Defendants have

deprived him of access to necessary medication as well as limited his access to

materials to conduct litigation.  (ECF No. 89 at 3.)  While Plaintiff raises an inadequate

access to medical care claim in his complaint, he does not allege in his complaint that

Defendants have ever denied him prescribed medication.  Thus, the temporary relief

requested in the motion is unrelated to the action, and will be denied.

The Motion also alleges that CDOC is "deliberately interfering with litigation by

extreme restrictions (2 and ½ hours per week) in access to law library resources."  (ECF

No. 89 at 2.)  However, this alleged injury and Plaintiff's corresponding request for

greater access to litigation materials are entirely unrelated to any claim alleged in the

complaint.  Again, because the relief requested is unrelated to the action, the request

will be denied.  *See Devose*, 42 F.3d at 471 ("Although these new assertions might

support additional claims against the same prison officials, they cannot provide a basis

for a preliminary injunction in this lawsuit.").

**B.     Irreparable Harm**

Among the preliminary injunction factors, "a showing of probable irreparable harm is the single most important prerequisite." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted).  "Without showing irreparable harm, [a party] cannot obtain a preliminary injunction." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1143 (10th Cir. 2017).  "[T]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis in original) (internal quotation marks omitted); *see Cobra N. Am., LLC v. Cold Cut Sys. Svenska AB*, 639 F. Supp. 2d 1217, 1230 (D. Colo. 2008) (denying preliminary injunction where the plaintiff failed to demonstrate that it would likely experience irreparable harm).  "Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise." *Salt Lake Tribune Publ'g Co. v. AT&T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003).  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005).  Harm that is "merely serious or substantial" is not irreparable.  *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

In the Motion, Plaintiff alleges an injury arising out of the denial of certain medications.  (ECF No. 89 at 2.)  As a remedy, Plaintiff seeks a preliminary injunction in three forms of medical relief: continuation of all previously prescribed treatment from

prior providers; access to medications, equipment, a new face mask, and distilled water for his sleep apnea machine; and a referral to a specialist for his intestinal issues.

Several of Plaintiff's requested remedies—namely his requests for continuation of treatments other than his medication, access to materials for his sleep apnea machine, and referral to a specialist for intestinal issues—are entirely unrelated to the purported injury.  In other words, the request for a preliminary injunction does not allege any injury, much less imminent, irreparable harm, that would be addressed by an order granting such relief. *See Heideman*, 348 F.3d at 1189.  Plaintiff does not provide any reasons why he needs immediate access to previously prescribed treatment other than his medication, new sleep apnea equipment, or a referral to a specialist.  Accordingly, the Court will deny Plaintiff's request for those forms of relief.

As for Plaintiff's request for continuation of medication and access to his medication, as discussed above, those claims are unrelated to his underlying complaint. Even if Plaintiff's complaint had raised a claim based on refusal to provide prescribed medications, Plaintiff has failed to establish that any harm caused by the delay in access to his medication is irreparable.  Indeed, Plaintiff's Motion notes that his prescription has been renewed, and thus there is no ongoing injury.  (ECF No. 89 at 2.) The medical records submitted by Dr. Reichert show that Plaintiff has active prescriptions for aspirin, magnesium citrate, and naproxen.  (ECF No. 98-2 at 1–2.)  The Court assumes that Defendants are aware of their constitutional duty to provide adequate medical care and will not create constitutional issues by refusing to provide Plaintiff medications for which he has an active prescription.  Because Plaintiff has failed to demonstrate that denial of medication will result in imminent, irreparable injury,

the Court will deny Plaintiff's request for a preliminary injunction granting him access to medications.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's motion for a preliminary injunction and a hearing (ECF No. 89) is DENIED; and

2.    Plaintiff's requests to file a reply in support of the motion (ECF Nos. 109 & 110) are DENIED AS MOOT.

Dated this 1st day of May, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge