**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01158-STV

RUSSELL M. BOLES,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

---

**ORDER**

---

Entered By Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff's Motion to Require Attorney Bar Numbers on All Documents Generated by Them (the "Motion") [#215], which was referred to this Court [#216]. Counsel for the CDOC Defendants,[1] counsel for Defendant Rabbi Yisroel Rosskamm, and counsel for Defendant Bryan Reichert, MD each filed responses to the Motion. [#224, 225, 226] This Court has carefully considered the Motion and related briefing, the case file, and the applicable case law, and has determined that neither further briefing nor oral argument would materially assist in the disposition of the

---

[1] The CDOC Defendants include: Defendants Colorado Department of Corrections ("CDOC"), Charleen Crockett, Matthew Powell, Jason Zwirn, Cyrus Clarkson, Ian Barnes, Marc Taylor, Derrick Roberts, Jessica Dorcey, David Custer, Susan Fuller, Ryder May, Nicole Wilson, Gary Ward, Kristy Holjencin, Kenneth Phipps, Shawna Nygaard, and Debra Goheen.

Motion.[2]  For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

Plaintiff, proceeding pro se, brings this action against various Defendants asserting claims based upon the conditions of his confinement at the Sterling Correctional Facility ("SCF").[3]  [#116]  Through the Motion, Plaintiff requests that the Court order all counsel for Defendants in this matter "to put their attorney bar numbers on all documents, correspondence, and the envelopes that material is contained in." [#215 at 2]  In support, Plaintiff states that "[t]he mailroom employees at SCF believe they need an attorney bar number on all mail to or from attorneys, so they can verify the sender or recipient is in fact a bona fide attorney." [*Id.*]  According to Plaintiff, if no bar number is included, the mailroom employees "will either send it back or destroy it" unless Plaintiff "agree[s] to accept it as non-privileged mail." [*Id.*]  If treated as non-privileged mail, Plaintiff contends that the mailroom employees are permitted to "read it, copy it, . . . or what ever they might dream up to do with it in their own time." [*Id.*]  Plaintiff states that he received mail from Counsel for Defendant Rabbi Rosskamm that did not include an attorney bar number, but

---

[2] *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

[3] In considering the Motion, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3.  The Court, however, cannot be a pro se litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)).

does not indicate what happened with that mail or provide any other examples of mail related to this matter being mishandled. [*Id.*]

The CDOC Defendants attached to their response to the Motion a copy of CDOC Administrative Regulation ("AR") 300-38, which contains the CDOC's regulations for "Offender Mail." [#224-1]  Pursuant to AR 300-38(IV)(B), inmates are permitted to send sealed letters to—and to received uninspected mail from—"a specified class of persons and organizations." [*Id.* at 3 (emphasis omitted)]  Included within this "specified class" are, among others, courts, counsel, and the "Office of the District Attorney, the Attorney General's office, or the U.S. Attorney's office." [*Id.* at 3-4]  "Mail to offenders from this specified class of persons and organizations may be opened only to inspect for contraband and only in the presence of the offender, unless waived in writing or in circumstances which may indicate contamination." [*Id.* at 3 (emphasis omitted)]  Pursuant to AR 300-38(IV)(B)(3):

> To be considered a confidential contact from an attorney, their authorized representative, or legal aid organization, the incoming mailing envelope must include the following:
>
> a. Attorney's first and last name;
>
> b. Attorney's registration, bar, or license number (exception will be made for attorneys practicing in states that do not issue such numbers, e.g., Mississippi);
>
> c. Attorney's complete business address;
>
> d. Mailing envelope must be clearly marked "PRIVILEGED" or "CONFIDENTIAL."

[*Id.* at 4]  According to counsel for the CDOC Defendants, because the Office of the Attorney General's office is expressly included within the "specified class" under AR 300-38(IV)(B)(1)(h) independent from the designation for "counsel," mail from the Office of the

Attorney General's office is considered confidential and entitled to the special protections found in AR 300-38(IV)(B) without the need for attorneys from the Attorney General's office to include the information, including attorney bar numbers, required by AR 300-38(IV)(B)(3). [#124, ¶¶ 7-8]

Counsel for the CDOC Defendants thus contend that they "do not need to include the attorneys' bar numbers or mark as restricted/confidential on the envelope, because the mailroom staff at the CDOC are aware that mail from the Attorney General's Office is restricted/confidential mail." [*Id.* at 3] Counsel for Defendant Rabbi Rosskamm have "no objection to Plaintiff's request" and "agree to put their attorney bar numbers on future pleadings." [#225, ¶ 4] Counsel for Defendant Reichert, however, objects to the Motion. [#226]

Counsel for Defendant Reichert first argues that the Motions should be denied because "Plaintiff provides no authority or binding support for his request, and none is contemplated by the Federal Rules of Civil Procedure or any other statutory authority." [#226, ¶ 1] Although the Court agrees both that Plaintiff should have identified the legal authority for his request and that the request for counsel to include bar numbers is not expressly contemplated by the Federal Rules of Civil Procedure, the Court disagrees that it lacks authority to issue the requested order.

The Supreme Court "has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (quotation omitted). "Although

4

[the Supreme] Court has never precisely delineated the outer boundaries of a district court's inherent powers, the [Supreme] Court has recognized certain limits on those powers." *Id.* "First, the exercise of an inherent power must be a reasonable response to the problems and needs confronting the court's fair administration of justice." *Id.* at 1892 (quotation omitted). "Second, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id.*

Here, the Court finds that ordering counsel to include the information required pursuant to AR 300-38(IV)(B) for the mail to be treated as confidential would be a reasonable response to Plaintiff's concerns about receiving legal mail in a prompt and secure manner. Notably, none of the defense counsel has identified any significant burden or prejudice that would result from the requested order.[4] Nor can the Court perceive any. Although Counsel for Defendant Reichert contends that there is no rule or statute that expressly authorizes the requested relief, he has not identified any rule or statute that the requested relief would contradict, and the Court is not aware of any. The Court thus finds that it has the inherent authority to grant the requested relief if it finds such relief in the interest of achieving the orderly and expeditious disposition of the case.

---

[4] Counsel for Defendant Reichert argues that "no matter the degree of any imposition on defense Counsel, granting Plaintiff's request necessarily provides a separate avenue for the Plaintiff to object and seek relief for which he would not otherwise be entitled should a bar number inadvertently be omitted off of a document." [#226, ¶ 2] Counsel for Defendant Reichert provides no factual support for this concern and does not explain what type of otherwise unauthorized relief he anticipates Plaintiff may seek. Regardless, ultimately, any relief granted would be determined by the Court based upon the specific circumstances. The Court thus does not understand the basis for Counsel for Defendant Reichert's hypothetical concern or find it persuasive.

Counsel for Defendant Reichert next argues that Plaintiff's Motion "appears to lack logic." [*Id.* at ¶ 3] Specifically, counsel for Defendant Reichert argues that "[b]ecause the mail being sent is not privileged, there exists no basis to demand that attorney bar numbers be added to otherwise protect what is already 'non-privileged.'" [*Id.*] Although the Court agrees that anything being sent to Plaintiff by defense counsel in this case is obviously not attorney-client privileged, the Court does not understand protection of the attorney-client privilege to be either (1) the basis for the Motion or (2) the sole basis for confidential treatment under AR 300-38(IV)(B).

As noted above, AR 300-38(IV)(B) provides for confidential treatment of mail sent or received from a "specified class of persons and organizations" that includes, but is not limited to, attorneys, the Attorney General's officer, and the court. [#124-1 at 3-4] It is clear from the persons and organizations included within the "specified class"—which includes courts, grievances officers, parole authorities, and elected officials—that the confidential treatment afforded to this mail is not intended merely to protect the attorney-client privilege. For example, mail sent to inmates by the Court—which generally is publicly available—obviously is not subject to the attorney-client privilege. The Court thus does not understand AR 300-38(IV)(B)'s purposes to be limited to the protection of privileged information.

Similarly, the Court does not understand the Motion to express concern for the protection of any privilege that applies to mail sent by defense counsel, but instead to

seek assurance that such mail will be handled carefully and treated confidentially.[5] Particularly given that Plaintiff's allegations in this case concern his treatment while incarcerated at SCF, it does not seem unreasonable to the Court that Plaintiff seeks to have his mail related to the case treated confidentially within SCF. Moreover, confidential treatment of the mail Plaintiff receives from defense counsel will ensure that the mail is opened in front of Plaintiff and thereby allow Plaintiff to ensure that he has received the entire contents of the mailing.

Accordingly, the Court finds good cause to order defense counsel in this case to comply with the requirements for the mail to be treated confidentially pursuant to AR 300-38(IV)(B) and further finds that such an order will assist in achieving the orderly and expeditious disposition of the case. The Motion thus is **GRANTED** to the extent it seeks to require counsel for Defendants to comply with the requirements for confidential treatment of mail pursuant to AR 300-38(IV)(B), but the Motion is **DENIED** to the extent it seeks to require counsel for Defendants "to put their attorney bar numbers on all documents, correspondence, and the envelopes that material is contained in."

For the foregoing reasons, Plaintiff's Motion [#215] is **GRANTED IN PART** and **DENIED IN PART** and **IT IS ORDERED**:

(1) All mailings sent to Plaintiff by attorneys associated with the Attorney General's office shall make clear on the envelope that the mail is from the

---

[5] Although the Motion refers to mail without attorney bar numbers as "non-privileged mail" [#215 at 2], based upon the context and interpreting Plaintiff's pro se filings liberally, the Court understands Plaintiff's reference to "privilege" to refer to the confidential treatment available pursuant to AR 300-38(IV)(B).

7

        Attorney General's office (or comply with the requirements set forth in paragraph (2));

(2) All mailings sent to Plaintiff by counsel for Defendants who are not associated with the Attorney General's office shall include the following information on the envelope of the mailing as required by AR 300-38(IV)(B)(3) [*see* #124-1 at 4]: (a) the attorney's first and last name, (b) the attorney's registration, bar, or license number, (c) the attorney's complete business address; and (d) a "CONFIDENTIAL" notation;

(3) The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

DATED: December 9, 2020        BY THE COURT:

        s/Scott T. Varholak
        United States Magistrate Judge