IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 19-cv-1158-RMR-STV

RUSSELL M. BOLES,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
CHARLENE CROCKETT,
CAPTAIN CYRUS CLARKSON, and
RABBI YISROEL ROSSKAMM,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak entered July 12, 2024, ECF No. 619, addressing Motions for Summary Judgement filed in this case: (1) Defendant Rabbi Rosskamm's Motion for Summary Judgment, ECF No. 518, and (2) Colorado Department of Corrections ("CDOC") Defendants' Motion for Summary Judgment, ECF No. 521. Magistrate Judge Varholak recommends granting summary judgment on all the remaining claims in this case.

Plaintiff, proceeding pro se, timely filed an Objection to the Recommendation at ECF No. 627. Defendants filed Responses at ECF Nos. 628 and 629. The Court has received and considered the Recommendation, the Objection, the record, and the

pleadings. For the reasons stated below, the Court **OVERRULES** the objections filed by Plaintiff; **ACCEPTS and ADOPTS** the Recommendation; **GRANTS** the Motions for Summary Judgment; and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

## I. LEGAL STANDARD

### A. Review of a Magistrate Judge's Recommendation

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal

2

conclusions, under a de novo or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

### B. Review of a Pro Se Litigant's Filings

Where a party proceeds pro se, the Court "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se party "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"). Thus, although courts "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority,'" "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

### C. Motion for Summary Judgment

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is 'material if under the substantive law it is essential to the proper disposition of the claim.'" *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)); *see also Anderson*, 477 U.S. at 248 ("As to materiality, the substantive law will identify which facts are material."). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *see also Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). "[T]he dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997); *see also Anderson*, 477 U.S. at 248. "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 876 (10th Cir. 2004).

"[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). However, "the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings" at this stage.

*Adler*, 144 F.3d at 671. If the movant carries "the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law," then "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* at 670–71.

Ultimately, the Court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

## II.   ANALYSIS

The factual background of this case is more fully laid out in the Recommendation. *See* ECF No. 619 at 2-7. The Recommendation's statement of facts is incorporated herein. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the Court re-states the factual background only to the extent necessary to address Plaintiff's Objections. For context, Plaintiff is an inmate in the CDOC. He is currently housed at Centennial Correctional Facility ("CCF"). ECF No. 582. He filed this lawsuit in April 2019 when he was housed at Sterling Correctional Facility ("SCF"). He was transferred from SCF to CCF in September 2023. He was transferred to Limon Correctional Facility in October 2023 and back again to CCF around April 2024. Four claims survived the Motion to Dismiss: 1) an Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA")

5

claim against the CDOC for failing to accommodate Plaintiff's need for a wheelchair-accessible cell; 2) a Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against the CDOC and Defendant Crockett for deficiencies in Plaintiff's kosher diet at SCF; 3) a First Amendment claim against the CDOC, Defendant Crockett, and Defendant Rosskamm based on deficiencies in Plaintiff's kosher diet at SCF; and 4) a First Amendment claim against Defendants Crockett and Clarkson based on alleged denial of kosher diet from June 2019 to December 2019. The individual defendants include Defendant Crockett, the CDOC Food Service and Laundry Program Manager, Defendant Clarkson, a Food Service Captain at SCF, and Defendant Rosskamm, an employee of Scroll K. The CDOC contracts with Scroll K to provide advice on Jewish dietary laws.

Under a de novo review or any other standard of review, the Court concludes that the Recommendation is a correct application of the facts and the law, and it accurately sets forth and applies the appropriate legal standard. For the reasons stated in the Recommendation, Plaintiff failed to carry his burden of showing that a genuine factual dispute exists as to whether he exhausted his administrative remedies for the ADA/RA claim or the First Amendment claim based on the alleged denial of a kosher diet from June 2019 through December 2019. As to his RLUIPA and First Amendment claims based upon alleged deficiencies in his kosher diet at SCF, Plaintiff failed to demonstrate a genuine issue of material fact that the CDOC Defendants violated Plaintiff's right to free exercise of his religion or substantially burdened his sincerely held religious beliefs. Finally, Plaintiff failed to submit evidence that Defendant Rosskamm is a "state actor" subject to liability under 42 U.S.C. § 1983.

Plaintiff has not raised an objection that persuades the Court, upon de novo or any other standard of review, that it should reject or modify any of the Magistrate Judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Some of Plaintiff's objections, arguments, and statements are unclear, not specific enough to raise an issue for de novo review, or are not pertinent to the motion for summary judgment. As for the objections that are specific and do pertain to the motion for summary judgment, they do not raise genuine issues of material fact that would prevent the Court from accepting the Recommendation to grant Defendants' Motions for Summary Judgment.

The Court attempted to group the Plaintiff's Objections to the Motion for Summary Judgment into the following categories: A) general objections; B) objections to the Magistrate Judge's analysis; C) objections regarding exhaustion; D) objections to the factual findings; E) objections regarding admissible evidence; F) objections regarding prior rulings; and G) objections consisting of new or different allegations. The Court addresses each category below.

### A.  General Objections

Plaintiff makes two overarching objections. First, he argues that the Magistrate Judge did not fully consider the affidavits and declarations he submitted to the Court. Plaintiff notes that "[a]lmost all of [his] pleadings have been in the form of affidavit/declarations, which are supposed to be given evidentiary status." ECF No. 627 at 2. He then argues that "[t]he magistrate does not give these documents the credit they

deserve." *Id.* However, as the Recommendation correctly notes, the Court is not required to consider conclusory and self-serving affidavits to determine general issues of material fact precluding summary judgment. *See Frontrange Sols. USA, Inc. v. Newroad Software, Inc.*, 505 F. Supp. 2d 821, 830 (D. Colo. 2007) (citing *Salguero v. City of Clovis,* 366 F.3d 1168, 1177 n. 4 (10th Cir.2004). Plaintiff did not cite any specific affidavits, declarations, or facts the Magistrate Judge failed to consider. Second, Plaintiff argues that the Magistrate Judge did not view the evidence in the light most favorable to the non-moving party. ECF No. 627 at 17. Plaintiff does not provide any specific instance where this occurred. Magistrate Judge Varholak acknowledged the correct legal standard—"the Court must view the evidence and draw all inferences in the light most favorable to the party opposing summary judgment." ECF No. 619 at 35. These objections are not sufficiently specific "to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Further, this Court cannot find an instance where the Recommendation failed to apply the correct standard.

### B.     Objections Regarding Exhaustion

Plaintiff makes several objections regarding grievances and the Recommendation's finding that Plaintiff failed to exhaust administrative remedies as to his ADA/RA claim and First Amendment Claim. The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before bringing a lawsuit concerning prison conditions. 42 U.S.C. § 1997e(a). Prisoners within the CDOC must follow a process for filing out grievances to exhaust their administrative remedies. ECF No. 619 at 5-6. Plaintiff first argues that there was a "four year delay in asserting the

affirmative defense" for a failure to exhaust on the Defendants' part. ECF No. 627 at 9. Plaintiff claims he was ambushed when it was raised by the Defendants for the first time in their Motion for Summary Judgment. ECF No. 627 at 9-10. However, contrary to Plaintiff's assertion, the affirmative defense of exhaustion was raised in the CDOC's Answer dated April 1, 2021. ECF No. 259 at 14. Plaintiff was aware as early as April 2021 that Defendants were going to raise the affirmative defense of exhaustion. Next, Plaintiff argues that exhaustion was not required for his First Amendment claim based on the alleged denial of a kosher diet from June 2019 to December 2019 because "the issue where [sic] being addressed on the merits through personal communications at the highest level (Defendant Crocket[t] and her dietitian staff.)." ECF No. 627 at 11. Plaintiff cites to, *Kretchmar v. Beard*, No. CIV.A. 05-6108, 2006 WL 2038687, at *5 (E.D. Pa. July 18, 2006) for his proposition that this suffices for exhaustion. In *Kretchmar*, the defendants waived the ability to raise a failure to exhaust by issuing a final decision. Plaintiff does not provide any evidence as to whether the CDOC issued a final decision on any relevant grievances. He does not provide any evidence of these personal communications at the "highest level." He does not specify when these conversations took place or the content of these communications. Thus, the Court cannot sustain his objections on this basis. Plaintiff further objects to the determination that he failed to exhaust his remedies on his ADA/RA claim. He argues that the lack of wheelchair access "was part of a mix of general lack of ADA accommodations all grieved as such." ECF No. 627 at 11. Plaintiff makes some general statements about the grievance process. He argues that no one follows grievance law. He argues prisoners are prohibited from grieving issues that have already

9

been grieved. According to Plaintiff, if a prisoner files a new grievance on something from the past it will be considered time barred. The Recommendation correctly points out that most, if not all, of the cases cited by Plaintiff, predate the Supreme Court's holding in *Ross v. Blake*, that "a court may not excuse a failure to exhaust, even to take such [special] circumstances into account." 578 U.S. 632, 639 (2016). Therefore, the Court agrees with the Recommendation that Plaintiff has failed to satisfy his burden of demonstrating he exhausted the grievance procedures.

### C.   Objections to Analysis

Plaintiff appears to object to the Recommendation's conclusion that Defendant Rosskamm is not a state actor under the public function test. ECF No. 619 at 27. Plaintiff objects to "deciding summary judgment in favor of Defendant Rosskamm based on an ecclesiastical question … when the context of the claim is about a substantial burden on Plaintiff's sincerely held religious beliefs." The Tenth Circuit has held that "[t]he public function test consists of determining whether the state has delegated to a private party 'a function traditionally exclusively reserved to the States.'" *Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002). Magistrate Judge Varholak found that determining whether certain food is kosher is an ecclesiastical function and not a function "traditionally reserved to the States." ECF No. 619 at 23. This Court agrees. Plaintiff cites to *Jackson v. Mann*, 196 F.3d 316, 321 (2d Cir. 1999) for his proposition that the analysis should be based on whether he has a sincerely held belief and not an ecclesiastical question. In *Jackson*, the court held that whether someone was considered Jewish was a question of that individual's sincerely held belief rather than a Rabbi's ecclesiastical determination as

10

to whether they are Jewish. Here, the Defendants are not challenging Plaintiff's sincerely held beliefs or doubting whether he is Jewish. Plaintiff also argues that Defendants Rosskamm and Crocket are in cahoots. He argues that Defendant Rosskamm "makes his opinions conform to almost anything Defendant Crockett says." Plaintiff argue in a conclusory fashion that "[d]etermining what is kosher … is a public function delegated to Scroll K." But Plaintiff did not present evidence to support his theories, and this Court has not found error in Magistrate Judge Varholak's recommendation on this issue.

### D.     Objections Regarding Factual Findings

Magistrate Judge Varholak found that Plaintiff's allegations of nutritionally inadequate food are merely general averments stating conclusory allegations that are insufficient to withstand Defendants' motion for summary judgment. This Court agrees. The Tenth Circuit instructs that "[t]o state a claim for violation of the First Amendment's Free Exercise Clause, the plaintiff must plead facts that plausibly show or allow the inference that the prison regulation or action at issue 'substantially burdened sincerely-held religious beliefs.' Similarly, to state a claim under RLUIPA, a plaintiff must plead that 'he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government.'" *Blair v. Raemisch*, 804 F. App'x 909, 916–17 (10th Cir. 2020) (internal citations omitted). The issue here is what is the substantial burden on Plaintiff's religious practice. Plaintiff argues that he is substantially burdened by the Defendants serving him a kosher diet that is not 1) nutritionally adequate or 2) actually kosher. In his objections, Plaintiff reasserts his general averments to the kosher meals served at the CDOC facilities. He complains of

rotten produce. He also explains what he believes a nutritious kosher diet would look like. However, Plaintiff identifies no specific fact that the Recommendation ignores in reaching its conclusions. This case is different from *Blair v. Raemisch*, 804 F. App'x 909, 918 (10th Cir. 2020), where the Tenth Circuit found that plaintiff's allegation reflected more than "merely an inconvenience of variety, quality, and rotation of non-preferred items in a completely vegan meal." *Id.* There, plaintiff became violently ill when he ate the vegan patties scheduled as part of his vegan religious diet. *Id.* The vegan patties were scheduled for nineteen out of twenty-eight days in a four-week meal cycle. *Id.* That meant the plaintiff would be ill two out of every three days if he ate the vegan meal provided by the correctional facility. *Id.* Here, other than alleging he is being "literally starved to death" by not being provided "only fresh unaltered and unblemished produce" Plaintiff has not pleaded similar specific facts as to what the kosher diet the CDOC provides is doing to his health. ECF No. 627 at 15. Nor has he provided specifics as to the frequency he is provided with objectional food and what the food consists of.

Plaintiff also appears to object to the Recommendation's reliance on Karen Perkins', the CDOC's clinical dietician, declaration in determining there is no disputed material fact that the CDOC's kosher diet is nutritionally adequate. Defendant argues that "Ms. Perkin's dietary philosophy is obsolete as of 2010." ECF No. 627 at 8. Defendant says he has "submitted a list of public library accessible – public record – books" demonstrating how the kosher diet is nutritionally inadequate. Plaintiff has not raised a genuine dispute of material fact sufficient to withstand summary judgment. "Judges are not like prospectors, searching tirelessly for a glitter of relevant evidence in the towering

12

mountain of documents that might have some relevance to the case." *Frontrange*, 505 F. Supp. 2d at 830 (quoting *Adams v. Dyer*, 223 Fed.Appx. 757, 762 n. 4 (10th Cir. 2007)). Under any standard of review, the Court agrees with the findings in the Recommendation regarding Plaintiff's disputes of fact.

E.   Objections Regarding Admissible Evidence

Plaintiff raises several objections regarding expert testimony. First, he argues that Defendant Rosskamm should not be allowed to testify as an expert. Plaintiff also raised this in an Objection in March 2022. ECF No. 394. Plaintiff raises several other concerns regarding Defendant Rosskamm in his objections. He claims that Defendant Rosskamm and Scroll K "appear to be one and the same for all practical purposes." ECF No. 627 at 4. He also claims that Defendant Rosskamm's "rabbinical certification is 'not' from an Orthodox organization!" *Id.* Plaintiff argues that Defendant Rosskamm's opinions are not valid because they are not orthodox, and therefore, the Court should not rely on his opinions. None of this appears to be material to the Recommendation's ultimate conclusion that Plaintiff's claims fail because there is no general issue of material fact. The Recommendation does not grant summary judgment on any ground pertaining to Defendant Rosskamm's expert testimony.

Plaintiff also argues that "Defendant Crockett should not be permitted to testify as an expert for the same reason as Defendant Rosskamm." ECF No. 627 at 8. Plaintiff complains that the defense did not "submit a complete report as to what she would testify [to]." *Id.* It is not clear to the Court that Defendant Crockett was disclosed as an expert witness or what the status of exchanging expert reports is. The Recommendation does

13

rely on a declaration from Defendant Crockett in making its determination. The Court agrees with the Recommendation's use of Defendant Crockett's declaration.

### F.     Objections Regarding Prior Rulings

In his objections, Plaintiff objects to past rulings from the court. For example, he references Magistrate Judge Varholak's footnote in ECF No. 243 that "[t]he Attorney General's regulations 'are entitled to substantial deference'" for his assertion that Magistrate Judge Varholak improperly deferred to prison officials and did not question their "penological goals." ECF No. 627 at 3. He also references the Court's striking his surreply to the Motion to Dismiss. These are not proper objections because they do not point out any error in the Recommendation.

### G.     Objections Consisting of New or Different Allegations

Plaintiff raises for the first time in his Objection, allegations regarding his fundamental rights being impaired such that it would "shock the judicial consciences." He also raises allegations of fraud, conspiracy, retaliation, and confiscation of his legal papers. Parties may not raise in their objections any novel arguments that they did not raise before the magistrate judge. Such arguments are deemed waived. *See* Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). Therefore, this Court finds these arguments have been waived.

Plaintiff's remaining objections either do not pertain to the Motions for Summary Judgment or are not specific enough to preserve an issue for de novo review. *See One Parcel of Real Property*, 73 F.3d at 1060. Some of Plaintiff's remaining objections pertain to discovery disputes. He claims that he should be entitled to more discovery. Discovery

closed on October 2, 2023. Hence for the reasons stated, none of Plaintiff's objections have raised an issue that would warrant the Court's rejection of the Recommendation and denial of Defendants' Motions for Summary Judgment, under any standard of review.

### III.     CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. Plaintiff's Objection, ECF No. 627, is **OVERRULED**;

2. The Recommendation, ECF No. 619, is **ACCEPTED and ADOPTED**; and

3. Defendants' Motions for Summary Judgment, ECF Nos. 518 and 521 are **GRANTED.**

DATED: September 27, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge